C. D. HOLMES, Administrator of Josiah Vinson, deceased, plaintiff in error, vs. PRATT & McKENZIE, defendants in error.

[1.] The doctrine of *Hartridge and Wessom*, 4th *Ga, Rep. page* 101, re-affirmed in this case, to wit: That notice of the non-payment of a bill of exchange by the acceptor, when not payable nor intended to be negotiated at a chartered bank, is not necessary to bind the drawer.

[2.] A creditor has the right to appropriate payments made by his debtor, as he may think proper; the latter having signified no preference as to the application of the money.

Assumpsit. In Calhoun Superior Court. Tried before Judge ALLEN. May Term, 1860.

This was an action by Pratt & McKenzie against Vinson, on three drafts, or bills of exchange, drawn by the latter in Calhoun county, Georgia, dated June 14th, 1854, payable December 25th thereafter, to his own order, at the office of the former, in Appalachicola, Florida, addressed to, and

accepted by one A. Marshall, Fort Gaines, Georgia, and en-
dorsed by Vinson, the drawer and payee, to Pratt & McKen-
zie, the plaintiffs below.

The bills were protested for non-payment, by a notary
public of Florida. The protests were under seal, and they
were introduced in evidence, with certificates of the notary
annexed to them, not under seal, certifying that due notice
of non-payment was given to Vinson, the drawer and in-
dorser, by depositing in the post-office at Appalachicola,
Florida, notices addressed to him, care of A. Marshall, Fort
Gaines, Georgia.

It was in evidence that Vinson resided in Calhoun county,
over twenty miles from Fort Gaines ; that his post-office was
Pachitla, about half a mile from his residence ; and that
there were four or five offices nearer to him than Fort
Gaines.

Several questions were made in the Court below, but
only two were argued in the Supreme Court.

These were:

1. Whether Vinson was entitled to notice.

2. Whether the mode and proof of notice were sufficient.

VASON & DAVIS, for plaintiff in error.

No appearance for defendants.

LUMPKIN, C. J.

This Court held in the case of *Charles Hartridge vs. D. &
A. Wesson,* 4 *Ga. R., page* 101, that the provisions of the
Act of 26th of December, 1826—*Prince's Digest* 462, ap-
plies to bills of exchange, as well as to promissory notes, and
that, therefore, demand and notice were not necessary in
order to charge parties secondarily liable on such instru-
ments. That decision is applicable to this case, and renders it
unnecessary to pass any opinion upon the numerous ques-
tions involved in this record.

We think that his Honor Judge Allen was right, in re-
fusing to give in charge the six requests asked for by defen-
dant's counsel; and in ruling that Vinson as drawer was not
entitled to notice, as contended for by them.

And further, that he was right in instructing the jury that
the plaintiffs had the right to apply the payments made by
A. Marshall, the acceptor, as they thought proper, he having
expressed no preference in the matter.

Judgment affirmed.